```
      IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

         MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION


COLONIAL BANK, an Alabama    )
state-chartered bank,        )
                             )
     Plaintiff,              )
                             )     CIVIL ACTION NO.
     v.                      )      2:08cv955-MHT
                             )          (WO)
SYNTELLECT, INC., a          )
Delaware corporation,        )
                             )
     Defendant.              )
```

OPINION AND ORDER

Plaintiff Colonial Bank brings this lawsuit against defendant Syntellect, Inc., asserting claims for breach of contract and misrepresentation.  Colonial's claims arise out of an agreement entered into by the parties concerning the sale and licensing of telephone software from Syntellect to Colonial.  In essence, Colonial asserts that Syntellect failed to defend and indemnify Colonial, as allegedly required by their agreement, against patent infringement claims brought by a third party.  The case is now before the court on Syntellect's

motion to transfer this action to the United States District Court for the District of Arizona.

28 U.S.C. § 1404(a) authorizes a district court to transfer a civil action to any other district in which it might have been brought "for the convenience of parties and witnesses, in the interest of justice." Because federal courts normally accord deference to a plaintiff's choice of forum in a § 1404 motion, the burden is on the movant to show that the suggested forum is more convenient or that litigation there would be in the interest of justice. In re Ricoh Corp., 870 F.2d 570, 573 (11th Cir. 1989) (per curiam). The district court has "broad discretion in weighing the conflicting arguments as to venue," England v. ITT Thompson Industries, Inc., 856 F.2d 1518, 1520 (11th Cir. 1988), and a court faced with a motion to transfer must engage in an "individualized, case-by-case consideration of convenience and fairness." Stewart Organization, Inc. v. Ricoh Corp., 487 U.S. 22, 29 (1988). A district court

2

may properly transfer a case to "the forum in which judicial resources could most efficiently be utilized and the place in which the trial would be easiest, and most expeditious and inexpensive." C.M.B. Foods, Inc. v. Corral of Middle Ga., 396 F.Supp.2d 1283, 1286 (M.D. Ala. 2005) (Thompson, J.).

The court, having carefully considered all the relevant factors, is convinced that this lawsuit should remain in the United States District Court for the Middle District of Alabama.  Colonial's choice of forum is entitled to much respect.  Neither forum is more convenient; the parties' witnesses are split between Alabama and Arizona, as are the parties' files. Although the agreement is covered by Arizona law, the causes of action here are straightforward breach of contract and misrepresentation claims.  Equally importantly, the dispute centers on whether Syntellect should be held liable for alleged patent infringements that occurred at Colonial Bank's call centers in Alabama.  In sum, the

court finds that Syntellect has failed to carry its burden to overcome the rule that the plaintiff's choice of forum "should not be disturbed unless it is clearly outweighed by other considerations."  <u>Robinson v. Giarmarco & Bill, P.C.</u>, 74 F.3d 253, 260 (11th Cir. 1996).

***

Accordingly, it is the ORDER, JUDGMENT, and DECREE of the court that defendant Syntellect, Inc.'s motion to transfer (doc. no 20) is denied.

DONE, this the 30th day of September, 2009.

    <u>/s/ Myron H. Thompson</u>
    **UNITED STATES DISTRICT JUDGE**