```
      IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

        MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION


COLONIAL BANK, an Alabama    )
state-chartered bank,        )
                             )
     Plaintiff,              )
                             )      CIVIL ACTION NO.
     v.                      )        2:08cv955-MHT
                             )            (WO)
SYNTELLECT, INC., a          )
Delaware corporation,        )
                             )
     Defendant.              )
```

OPINION AND ORDER

Plaintiff Colonial Bank brings this lawsuit against defendant Syntellect, Inc., asserting claims for breach of contract and misrepresentation arising out of an agreement concerning the sale and licensing of telephone software from Syntellect to Colonial. In essence, Colonial asserts that Syntellect failed to defend and indemnify Colonial, as allegedly required by their agreement, against patent-infringement claims brought by a third party. The case is now before the court on Syntellect's motion to dismiss the breach-of-contract

claim for untimeliness.  As explained more fully below, this motion will be denied.

## I. MOTION-TO-DISMISS STANDARD

In considering a defendant's motion to dismiss, the court accepts the plaintiff's allegations as true, Hishon v. King & Spalding, 467 U.S. 69, 73 (1984), and construes the complaint in the plaintiff's favor. Duke v. Cleland, 5 F.3d 1399, 1402 (11th Cir. 1993).  Generally, to survive a motion to dismiss, a complaint need not contain "detailed factual allegations," Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007), but rather "only enough facts to state a claim to relief that is plausible on its face."  Id. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, ___ U.S. ___, ___, 129 S.Ct. 1937, 1949 (2009).  "The plausibility standard is not akin to

a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id.

## II. BACKGROUND

In March 2001, Syntellect and Colonial entered into an agreement providing that Syntellect would provide software for the bank's automated telephone-call-processing system. Under the terms of that agreement, Syntellect agreed to defend the bank against any patent-infringement lawsuit based on the Syntellect software and agreed to indemnify the bank against any such suit, subject to certain terms and conditions. Agreement ¶¶ 6.1-6.3. The agreement also provided that neither party could bring a lawsuit "arising out of [the] Agreement more than one (1) year after accrual of the cause of action." Id., ¶ 11.6.

In June 2007, Ronald A. Katz Technology Licensing, L.P. filed a patent-infringement lawsuit against

Colonial, contending that the bank infringed upon 25 Katz Technology patents related to the "integration of telephonic systems with computer databases and live operator call centers to provide interactive call processing services." Compl. ¶7.  Colonial notified Syntellect of the lawsuit and asked Syntellect to fulfill its obligation under the agreement.  Syntellect rejected the request, contending that the subject of the patent-infringement lawsuit was not Syntellect software, but rather the bank's call centers and their operation.  Colonial subsequently settled with Katz Technology in June 2008 and then filed this lawsuit contending that Syntellect breached its duty to defend and indemnify in December 2008.

## III. DISCUSSION

Syntellect urges dismissal of the breach-of-contract claim for failure to defend and indemnify on the ground that Colonial's claim is time-barred by the one-year

limitation provided in the agreement.  Syntellect argues that the cause of action for breach of the duty to defend accrued on August 20, 2007, when Syntellect first notified Colonial that it did not intend to defend it. Because the bank did not file suit until December 2008, Syntellect contends that its claim is untimely.

As a preliminary matter, both parties blur the distinction between the duty to defend and the duty to indemnify.  In one count for breach of contract, the complaint alleges that Syntellect breached both its duty to defend <u>and</u> its duty to indemnify.  Similarly, Syntellect's motion to dismiss operates on the assumption that these two duties are one.  However, the duty to defend and the duty to indemnify were two separate duties created by the contract.  See <u>INA Ins. Co. v. Valley Forge Ins. Co.</u>, 150 Ariz. 248, 255 (Ariz. Ct. App. 1986) ("The duty to defend ... is not the same as the duty to indemnify.").  These two duties do not necessarily arise at the same time.  Rather, "[t]he duty to defend arises

at the earliest stages of litigation and generally exists regardless of whether the insured is ultimately found liable," INA Ins. Co. v. Valley Forge Ins. Co., 150 Ariz. 248, 255 (Ariz. Ct. App. 1986), while "[t]he duty to indemnify depends on whether the indemnitee engaged in actual, active wrongdoing." INA Ins. Co. v. Valley Forge Ins. Co., 150 Ariz. 248, 255 (Ariz. Ct. App. 1986). Thus, "[t]he accrual of the obligation to provide a defense does not control the accrual of the obligation to indemnify." Id. Accordingly, the court discusses each obligation separately.

### A. Duty to defend

The question here is when, exactly, the cause of action accrues for breach of the duty to defend. Syntellect contends that the cause of action must accrue at the first refusal to defend. This is only partially correct.

Although Arizona law is silent as to the scope and nature of the breach of the ongoing duty to defend, the common view in other jurisdictions is that the duty to defend is an ongoing obligation that arises upon notice of the cause of action and does not cease until the cause of action is resolved.  See 96 A.L.R.3d 1193, 2b ("Notwithstanding argument by insurers that their alleged breach of contract occurred, and the insured's cause of action therefore accrued, when the insurer rejected the tender of defense, courts have ordinarily determined the accrual of such action to be concurrent with the termination of the underlying litigation which the insurer refused to defend.") (collecting cases).  Breach of that duty, therefore, does not cease at the moment that defense is denied, but rather continues until the litigation is concluded.  Similarly, the cause of action continues accruing in correspondence with the continuing breach.  Thus, although the cause of action may first accrue upon first notice of the refusal to defend, it

continues accruing as the offender continues to breach its obligation, until the litigation ends.  To hold otherwise would lead to a truly absurd result: Colonial's remedy for breach of the duty to defend expired even before Syntellect's duty itself expired.

Syntellect's duty to defend, and its breach of that duty, continued until June 2008, when the third-party litigation was settled.  Colonial's suit filed in December of 2008 was well within the one-year contractual limit.  Thus, the breach-of-contract claim, to the extent it is based on a failure to defend, is timely.


B.  Duty to indemnify

Similarly, the duty to indemnify does not accrue until relief is awarded against the party to be indemnified. INA Ins. Co. v. Valley Forge Ins. Co., 150 Ariz. 248, 253 (Ariz. Ct. App. 1986); see also MT Builders, L.L.C. v. Fisher Roofing, Inc., 219 Ariz. 297, 303 (Ariz. Ct. App. 2008).  The dispute with the third

party was settled in June 2008, and Colonial filed the instant lawsuit on December 4, 2008, well within the one-year contractual limit.  Thus, Colonial's breach-of-contract claim, to the extent it rests on a breach of duty to indemnify, is timely.

***

Accordingly, it is the ORDER, JUDGMENT, and DECREE of the court that defendant Syntellect, Inc.'s motion to dismiss (doc. no. 16) is denied.

DONE, this the 30th day of September, 2009.

                         /s/ Myron H. Thompson
                        UNITED STATES DISTRICT JUDGE