IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| BRANCH BANKING AND TRUST COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) ) | CIVIL ACTION NO. 2:08cv955-MHT (WO) |
| SYNTELLECT, INC., a Delaware corporation, | ) ) ) | |
| Defendant. | ) | |

OPINION AND ORDER

Plaintiff Branch Banking and Trust Company ("BB&T"), is pursuing this lawsuit against defendant Syntellect, Inc., alleging breach of contract and misrepresentation. Jurisdiction is proper pursuant to 28 U.S.C. § 1332 (diversity).

This lawsuit is now before the court on BB&T's motion for leave to file a second amended complaint.  For the reasons that follow, that motion will be denied.

## I. BACKGROUND

Colonial Bank initiated this lawsuit against Syntellect. The breach-of-contract and misrepresentation claims asserted in Colonial's complaint arise out of an agreement concerning the sale and licensing of telephone software from Syntellect to Colonial. In essence, Colonial contended that Syntellect failed to defend and indemnify Colonial, as allegedly required by their agreement, against patent-infringement claims brought by a third party.

Syntellect subsequently filed a motion to dismiss Colonial's breach-of-contract claim, pursuant to Fed. R. Civ. P. 12(b)(6). After considering the parties' briefs in support and in opposition, the court denied the motion to dismiss for reasons not relevant here. In its written order and opinion, the court made the following observation:

> "As a preliminary matter, both parties blur the distinction between the duty to defend and the duty to indemnify. In one count for breach of contract, the

> complaint alleges that Syntellect breached both its duty to defend <u>and</u> its duty to indemnify. Similarly, Syntellect's motion to dismiss operates on the assumption that these two duties are one. However, the duty to defend and the duty to indemnify were two separate duties created by the contract."

<u>Colonial Bank v. Syntellect, Inc.</u>, 2009 WL 3219000 at *2 (M.D. Ala., Sept. 30, 2009) (Thompson, J.) (citations omitted) (emphasis in original). Accordingly, the court went on to "discuss[] each obligation separately." <u>Id</u>.

Just over two weeks after the court issued its opinion and order denying Syntellect's motion to dismiss, counsel for the parties filed a joint report and discovery plan, pursuant to Fed. R. Civ. P. 26(f). This report stated that, "The parties do not anticipate the joinder of additional parties at this time, except that plaintiff shall file a motion to substitute [BB&T] as successor in interest to Colonial Bank by asset acquisition from the Federal Deposit Insurance Corporation as receiver for Colonial Bank." Rule 26(f)

Report at 4 (Doc. No. 34).  The report also stated that, "The parties propose deadlines for ... amendment of pleadings on December 31, 2009."  Id. at 4.

On October 19, 2009, the court issued an order, pursuant to Fed. R. Civ. P. 16(b), "set[ting] a schedule for discovery and the filing of motions."  Scheduling Order at 1 (Doc. No. 35).  In keeping with the parties' proposals, the court ordered that, "Motions to amend the pleadings ... shall be filed by the plaintiff on or before December 31, 2009, and by the defendant on or before December 31, 2009."  Id. at 2.

On February 22, 2010, BB&T filed the anticipated motion to substitute itself, "successor in interest to Colonial Bank by asset acquisition from the Federal Deposit Insurance Corporation ('FDIC') as Receiver for Colonial Bank, as the real party in interest in this action."  Mot. to Substitute at 1 (Doc. No. 46-1).  The court granted the motion, and ordered BB&T to "file an amended complaint reflecting that the court still has

4

jurisdiction despite the substitution in this case." Order at 1-2 (Doc. No. 51).

BB&T subsequently filed its amended complaint. In addition to amending the complaint to reflect that the court still had jurisdiction, BB&T made some changes to count one, which alleges the breach-of-contract claim. Compare Compl. at 6 (Doc. No. 1) with Am. Compl. at 6 (Doc. No. 52).[1]

On April 22, 2010, Syntellect filed a motion for summary judgment with a supporting memorandum. The court set the motion for submission and ordered "any opposition briefs and evidentiary materials due by May 17, 2010, and any replies to the opposition briefs due by June 1, 2010." Order (Doc. No. 77). In keeping with this order,

---

    1. These changes did not go unnoticed by Syntellect. See Def.'s Br. at 2-3 (Doc. No. 100) ("Plaintiff took the opportunity to not only substitute the plaintiff and allege diversity per the Court's order, but also to make substantive changes to the complaint. At that time, Syntellect did not object because there was sufficient time to challenge the merits of the complaint in a summary judgment motion." (citations omitted)).

5

BB&T filed its response on May 17 and Syntellect followed with a reply brief on June 1.

On May 25, 2010, BB&T filed the instant motion for leave to amend its complaint. In its motion, BB&T observes, as the court did months before, that its "breach of contract claim, currently pled in a single count, contains two distinct claims of breach--(1) Syntellect's breach of its duty to defend, and (2) Syntellect's breach of its duty to indemnify." Mot. to Amend at 1 (Doc. No. 91). Its "proposed second amended complaint simply separates the claim regarding the duty to defend and the claim regarding the duty to indemnify into two separate counts to make this distinction clearer." Id. at 2.

## II. DISCUSSION

"Both Rules 15 and 16 of the Federal Rules of Civil Procedure facially guide the court's decision whether to allow an untimely amendment to the complaint." Nobles v. Rural Cmty. Ins. Servs., 303 F. Supp. 2d 1279, 1283 (M.D.

Ala. 2004) (Thompson, J.).  Rule 15 provides that, "A party may amend its pleadings once as a matter of course within: (A) 21 days after serving it, or (B) ... 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier."  Fed. R. Civ. P. 15(a)(1).  "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave."  Fed. R. Civ. P. 15(a)(2).  Rule 15 states that, "The court should freely give leave when justice so requires."  Id.  Rule 16, on the other hand requires the district court to issue a scheduling order that "limit[s] the time to ... amend the pleadings."  Fed. R. Civ. P. 16(b)(3)(A).  Once such an order has been issued, the "schedule may be modified only for good cause."  Fed. R. Civ. P. 16(b)(4).

   "The Eleventh Circuit Court of Appeals has found that Rule 16's good-cause standard governs a party's ability to amend [its] complaint after the district court has

entered a scheduling order." Nobles, 303 F. Supp. 2d at 1283 (citing Sosa v. Airprint Sys., 133 F.3d 1417, 1418 n.2 (11th Cir. 1998)). "It is only after the court addresses whether the proposed amendment may be granted under Rule 16 that the court is to determine whether it is proper under Rule 15." Id. In this case, BB&T's motion to amend was filed nearly five months after the scheduling-order deadline. Thus, the court must determine whether it has shown good cause for this court to modify that order.

BB&T explains that it "makes this motion out of time because it wishes to clarify an issue raised in [Syntellect's] April 22, 2010 motion for summary judgment." Pl.'s Br. at 3 (Doc. No. 99). Specifically, it wishes to distinguish between its claim based on Syntellect's alleged breach of the duty to defend and its claim based on Syntellect's alleged breach of the duty to indemnify. As good cause for its untimely motion, BB&T claims that, prior to Syntellect's motion for summary

judgment, Syntellect had "consistently paired the duty to defend with the duty to indemnify." Id. at 3.

As discussed above, the court has previously observed that both parties were apparently treating the duty to defend and the duty to indemnify as a single duty. But the court has--or believed it had--adequately corrected this mistake, explaining that "the duty to defend and the duty to indemnify were two separate duties created by the contract." Op. and Order at 5. Thus, it should come as no surprise to BB&T that Syntellect's "motion for summary judgment ... separates these two duties." Pl.'s Br. at 4. Indeed, the court is baffled by the contention that Syntellect's properly separate treatment of the duties somehow provides good cause for the untimely request to "clarify" the complaint. See Sosa, 133 F.3d at 1418 ("[The Rule 16] good cause standard precludes modification unless the schedule cannot 'be met despite the diligence of the party seeking the extension.'" (citation omitted)).

Not only is good cause lacking for the untimely request to amend, but the amendment itself is entirely unnecessary. BB&T insists that the "proposed amended complaint <u>simply</u> separates the claim regarding the duty to defend and the claim regarding the duty to indemnify into two separate counts to make this distinction clearer." Mot. to Amend at 2 (emphasis added).[2] But the court has already performed this service. Moreover, BB&T acknowledges that its "proposed amendment ... pleads the same facts as the amended complaint[,] ... does not incorporate new allegations[,] ... does not seek to add or remove parties, [and] ... does [not] proceed on any new legal theory." Pl.'s Br. at 5.

***

For the foregoing reasons, it is ORDERED that plaintiff Branch Banking and Trust Company's motion for

---

2. BB&T "also ... corrected a numbering error (renumbering to rectify omission of a ¶ 2 between ¶¶ 1 and 3), and a scrivener's error in ¶ 21 (inadvertent substitution of 'Syntellect' for 'RAKTL') present in the amended complaint." Mot. to Amend at 2 n.2.

leave to file a second amended complaint (doc. no. 91) is denied.

DONE, this the 14th day of June, 2010.

                                     /s/ Myron H. Thompson
                                **UNITED STATES DISTRICT JUDGE**